Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FERALE ERIKA HUBBARD NELSON, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY SCHOOL OF DENTISTRY, an independent public corporation,<br><br>　　　　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(DISABILITY DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Ferale Erika Hubbard Nelson , by and through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**INTRODUCTION**

1.

OHSU is a public corporation and Oregon's only academic health center. The OHSU Board of Directors, whose members are appointed by the governor and approved by the State Senate, govern the university. As a public corporation, it receives federal and state funding.

2.

OHSU proclaims to be an inclusive institution dedicated, in part, to a paradigm shift in the inclusion of differently abled individuals and individuals with serious medical conditions.

3.

Like many other health care facilities, the Defendant implemented a COVID-19 vaccine mandate in the summer of 2021, more than eighteen months after the start of the COVID-19 global pandemic. Consistent with state and federal law, the Defendant allowed students and staff to apply for medical or religious exemptions to the vaccine.

4.

At time material to this Complaint, Plaintiff was enrolled in the OHSU School of Dentistry, fulfilling a life-time goal of becoming a dentist to provide health care to those in need and to provide a good life for her family.

5.

OHSU betrayed its commitment to inclusion when it refused to accommodate Plaintiff's serious medical condition that prevented her from being able to take the COVID-19 vaccine. OHSU further violated the law when it created a discriminatory and hostile work environment directed at Plaintiff based on her serious medical condition.

## JURISDICTION, VENUE, AND PARTIES

6.

The claims alleged in this Complaint arise under the requirement of Section 504 of the Rehabilitation Act of 1973 ("Section 504") that an educational institution receiving federal financial assistance must not deny persons with disabilities the benefits of its programs and activities, 29 U.S.C. § 794(b)(2)(A), and Title II of the Americans with Disabilities Act, 42 U.S. Code § 12132 ("Title II"), such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

7.

Venue for this action is proper in the District of Oregon because OHSU is located in the District of Oregon within the meaning of 28 U.S.C. § 1391, and because the events, acts, and omissions giving rise to Plaintiff's claims occurred in the District of Oregon.

8.

Plaintiff is a resident of Salem, Oregon and has a serious, chronic medical condition that causes her anaphylaxis when she is administered vaccines.

9.

Defendant OHSU is a public corporation incorporated in and with a principal place of business in Oregon. On information and belief, Harvard has received at all times relevant hereto, and continues to receive, significant federal financial assistance. 29 U.S.C. § 794(a)-(b). OHSU is "public entity" as defined under the ADA. 42 U.S.C. § 42 USC § 12131(1).

## STATEMENT OF FACTS

10.

Plaintiff was admitted as a student at OHSU's School of Dentistry after completing four years of undergraduate schoolwork. OHSU's dental program is a prestigious program and Plaintiff worked hard to be admitted.

11.

Plaintiff has allergic reactions to vaccines that cause anaphylaxis. The condition is chronic and serious.

12.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked with patients in the health care context.

13.

Plaintiff scrupulously followed all of Defendant's rules and regulations to protect against infection, which included the wearing of personal protective equipment ("PPE"), testing for

COVID-19 if indicated, hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary.

14.

In the summer of 2021, Plaintiff was notified that the Defendant would be implementing and enforcing an institution-wide vaccine mandate. Plaintiff was informed that those individuals with medical conditions could apply for an exception to the vaccine.

15.

On or about September 19, 2021, Plaintiff filed for a medical exception to the vaccine.

16.

On or about October 8, 2021, Plaintiff was informed that her application had been temporarily accepted provided that she be examined an allergist, which she could not schedule until January 2022.

17.

Plaintiff was informed she would not be able to see patients for an indefinite period, which would have a deleterious effect on her ability to pass courses, graduate, and go on to take the boards to get licensed.

18.

Accordingly, Plaintiff was forced to take a leave of absence because had she not, she faced disciplinary action, including possible expulsion from the program, because she had not taken the vaccine.

19.

The Defendant refused to provide reasonable accommodations for Plaintiff's serious medical condition.

20.

As a consequence of the Defendant's unlawful conduct, Plaintiff suffered extreme anxiety, inability to focus on studying, familial stress, financial stress, and ostracization from her classmates.

21.

All vaccinated students were told to wear a sticker on their badges noting they had taken the COVID-19 vaccine. Unvaccinated students did not have a badge, leading to hostility and isolation.

22.

The Defendant has yet to explain why, in its view, after nearly two years of operating its School of Dentistry during the pandemic without a COVID-19 vaccine being available, Plaintiff's presence would have created a safety risk necessitating her not being allowed to see patients.

23.

Upon information and belief, the Defendant's adverse actions against Plaintiff were not, as claimed, to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on her serious medical condition and retaliation for applying for a medical exception to the COVID-19 vaccine. There were reasonable accommodations available to the Defendant that it failed to pursue. Instead, it took the most drastic position it could against Plaintiff with an unlawful discriminatory intent.

24.

Because of the Defendant's unlawful actions, Plaintiff has suffered economic loss and emotional distress. She has also been ostracized and stigmatized for having a medical condition that prohibited her from being able to take the COVID-19 vaccine.

**FIRST CLAIM FOR RELIEF**

**Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794** *et seq.*

25.

Plaintiff incorporates by reference each and every allegation herein.

26.

Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance        " 29 U.S.C. § 794(a).

27.

OHSU is a recipient of federal financial assistance sufficient to invoke the coverage of Section 504, and has received such federal financial assistance at all times relevant to the claims asserted in this Complaint.

28.

The Rehabilitation Act defines "program or activity" to "mean[] all of the operations of . . . a college, university, or other postsecondary institution." 29 U.S.C. § 794(b)(2)(A); 34 C.F.R. § 104.3(k). OHSU is a "college, university, or other postsecondary institution." 29 U.S.C. § 794(b)(2)(A); 34 C.F.R. § 104.3(k). OHSU's School of Dentistry is a "program or activity" of OPHSU within the meaning of the Rehabilitation Act.

29.

OHSU has engaged in illegal disability discrimination, as defined by the Rehabilitation Act, by refusing to accommodate Plaintiff's serious medical condition that precludes her from taking the COVID-19 vaccine.

30.

OHSU's ongoing and continuing violations of Section 504 have caused Plaintiff damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### Title II of the Americans with Disabilities Act

31.

Plaintiff incorporates by reference each and every allegation herein.

32.

Title II requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12132.

33.

OHSU is a public entity as defined by Title II.

34.

OHSU has engaged in illegal disability discrimination, as defined by Title II, by refusing to accommodate Plaintiff's serious medical condition that precludes her from being able to take the COVID-19 vaccine.

35.

OHSU's ongoing and continuing violations of Title II have caused Plaintiff damages in an amount to be determined at trial. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $100,000.00.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff seeks reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 25th day of April, 2023.

                              JANZEN LEGAL SERVICES, LLC

                              By /s/ Caroline Janzen
                              Caroline Janzen, OSB No. 176233
                              caroline@ruggedlaw.com
                              Attorney for the Plaintiff