IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FERALE ERIKA HUBBARD NELSON, | Case No. 3:23-cv-00608-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| OREGON HEALTH AND SCIENCE UNIVERSITY SCHOOL OF DENTISTRY, an independent public corporation, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Ferale Erika Hubbard Nelson ("Nelson") alleges claims for disability discrimination under Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act ("ADA") against Defendant Oregon Health and Science University School of Dentistry ("OHSU").

Now before the Court is OHSU's motion to dismiss (ECF No. 4). Not all parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636. For the reasons that follow, the Court recommends that the district judge grant OHSU's motion to dismiss.

///

PAGE 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

In 2021, Nelson was a student at OHSU's School of Dentistry. (Compl. ¶ 4, ECF No. 1.) In the summer of 2021 and in response to the COVID-19 ("COVID") pandemic, OHSU implemented a vaccine mandate with a corresponding process for individuals with medical conditions to apply for an exception. (*Id.* ¶¶ 3, 14.) OHSU also told vaccinated students to wear a sticker on their identification badge noting that they had taken the COVID vaccine. (*Id.* ¶ 21.) Nelson alleges that unvaccinated students did not have a sticker on their badge, "leading to hostility and isolation." (*Id.*)

Nelson alleges that she suffers from a serious, chronic medical condition that causes her anaphylaxis when she receives a vaccine, and, on September 19, 2021, Nelson filed for a medical exception from receiving the vaccine. (*Id.* ¶¶ 8, 15.) On October 8, 2021, OHSU informed Nelson that her application had been temporarily approved pending an appointment with an allergist. (*Id.* ¶ 16.) Nelson alleges that she was unable to schedule an examination with an allergist until January 2022. (*Id.*)

At some point, Nelson received information that she would not be able to see patients for an "indefinite period," which would have a "deleterious effect on her ability to pass courses, graduate, and go on to take the boards to get licensed." (*Id.* ¶ 17.) Nelson asserts that she "was forced to take a leave of absence because had she not, she faced disciplinary action, including possible expulsion from the program, because she had not taken the vaccine." (*Id.* ¶ 18.)

Nelson asserts claims for violations of Section 504 of the Rehabilitation Act and Title II of the ADA, alleging that OHSU failed to provide reasonable accommodations for Nelson's serious medical condition. (*Id.* at 4-7.) Nelson seeks damages for economic loss and emotional distress. (*Id.* ¶ 24.)

///

PAGE 2 – FINDINGS AND RECOMMENDATION

## DISCUSSION

OHSU seeks dismissal of Nelson's claims for lack of Article III standing and dismissal of Nelson's claims for emotional distress damages for failure to state a claim. (Def.'s Mot. Dismiss ("Def.'s Mot.") at 6-11, ECF No. 4.) Nelson did not file a response to OHSU's motion to dismiss.

### I.  SUBJECT MATTER JURISDICTION

OHSU raises a factual challenge under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Nelson lacks Article III standing and, accordingly, the Court lacks subject matter jurisdiction. (*Id.* at 4-5.) On the record before the Court, the Court agrees.

#### A.  Legal Standards

"The question of whether a party has standing to sue under Article III is a threshold issue that must be addressed before turning to the merits of a case." *Shulman v. Kaplan*, 58 F.4th 404, 407 (9th Cir. 2023) (citing *Horne v. Flores*, 557 U.S. 433, 445 (2009)). As the party "'invoking federal jurisdiction,' [Nelson] ha[s] the burden of establishing standing pursuant to Article III." *Id.* at 408 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). Thus, Nelson "must show (1) that [she] 'suffered an injury in fact that is concrete, particularized, and actual or imminent'; (2) 'that the injury was likely caused by the defendants;' and (3) 'that the injury would likely be redressed by judicial relief.'" *Id.* (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021)).

Typically, "[w]hen 'deciding standing at the pleading stage, and for purposes of ruling on a motion to dismiss for want of standing, . . . courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *Mecinas v Hobbs*, 30 F.4th 890, 895-96 (9th Cir. 2022) (quoting *Desert Citizens Against Pollution v. Bisson*, 231 F.3d 1172, 1178 (9th Cir. 2000)). An exception to this "general rule" is "where the

PAGE 3 – FINDINGS AND RECOMMENDATION

defendant brings a motion under Rule 12(b)(1) challenging subject matter jurisdiction as a factual—rather than facial—matter." *Id.* at 896 (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).

If the defendant brings a factual attack "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). Ordinarily, "[a]t that point, the court may resolve any factual disputes concerning the existence of jurisdiction." *Id.* (citing *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). If, however, "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Id.* (quoting *Augustine*, 704 F.2d at 1077).

**B.  Analysis**

OHSU argues that the Court lacks Article III standing and must therefore dismiss the complaint under Rule 12(b)(1) because any injury Nelson suffered is not traceable to OHSU's actions. (Def.'s Mot. at 6-9.)

**1.  OHSU's Evidence**

OHSU presents evidence that, on October 4, 2021, Nelson emailed OHSU, *inter alia*, the following: "For personal reasons I have decided to voluntarily take this term off." (Decl. Raghav Shanmugasundaram ("Shanmugasundaram Decl."), Ex. A at 2, ECF No. 5-1.) In response, OHSU instructed Nelson to complete a Withdrawal or Leave of Absence ("LOA") Form, and OHSU provided information about the possibility of remediation for one of Nelson's classes. (*Id.* at 1.)

PAGE 4 – FINDINGS AND RECOMMENDATION

On October 8, 2021, Nelson signed and submitted the LOA form. (Shanmugasundaram Decl. Ex. B, ECF No. 5-2.) The same day, the Vaccine Exception Review Committee temporarily granted Nelson's application for a medical exception. (Compl. ¶ 16; Shanmugasundaram Decl. Ex. C at 1, ECF No. 5-3.) Nelson emailed the Associate Dean, "go ahead and submit my LOA paperwork for today October 8th because I will be allowed to remediate in the upcoming fall, which is great news. It is bittersweet that I find out today that I have been granted a temporary medical exemption to see an allergist, which is also good news." (Shanmugasundaram Decl. Ex. C at 1.)

OHSU's evidence demonstrates that Nelson had already decided to withdraw before she received OHSU's decision on her medical exception application. OHSU also submitted evidence of its several attempts to communicate with Nelson regarding reenrolling the following year, all of which were unsuccessful. (Shanmugasundaram Decl. Exs. D-E, ECF Nos. 5-4, 5-5.)

### 2. Traceability

To demonstrate traceability, "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant[.]" *Lujan*, 504 U.S. at 560 (simplified). A plaintiff cannot "establish standing based on the measures that they have undertaken to avoid" the threat of hypothetical harm. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 415 (2013). "[S]elf-inflicted injuries are not fairly traceable to the [defendant]'s purported activities[.]" *Id.* at 418.

Nelson does not appear to challenge OHSU's decision to implement a vaccine mandate, the application process to seek a medical exception, or the length of time it took OHSU to process Nelson's application. Rather, Nelson challenges OHSU's alleged failure to provide her a reasonable accommodation from the vaccine mandate. (Compl. ¶ 19.)

///

However, the record before the Court demonstrates that Nelson had already decided to take a leave of absence for "personal reasons" on October 4, 2021, before OHSU made or communicated its decision regarding Nelson's request for a medical exception. (Shanmugasundaram Decl. Ex. A at 2.) In other words, at the time Nelson decided to leave the program, she was not yet aware if OHSU was going to agree to accommodate her alleged disability. Accordingly, her decision to take a leave of absence and any damages her decision caused are not fairly traceable to OHSU. See *Jackson v. Cal. Dep't of Mental Health*, 399 F.3d 1069, 1074-75 (9th Cir.) (holding that "Jackson's pleadings below did not explain why he decided to voluntarily recommit himself. . . . There is therefore no basis other than speculation for saying that Jackson's decision was fairly traceable to the" defendant's action), *op. amended on reh'g sub nom.* 417 F.3d 1029 (9th Cir. 2005).

In her complaint, Nelson speculates about the terms and consequences of the medical exception for which she applied, but her speculation that OHSU would not reasonably accommodate her alleged disability was premature because she decided to leave before OHSU made its decision on her accommodation request. See *Clapper*, 568 U.S. at 402 ("[R]espondent cannot manufacture standing by choosing to" take action "based on hypothetical future harm that is not certainly impending."); *Golden Gate Transactional Indep. Serv., Inc. v. California*, No. 18-cv-08093-SJO-AGRX, 2019 WL 4222452, at *8 (C.D. Cal. May 1, 2019) (concluding that the plaintiff lacked standing where the harm was "self-inflicted . . . by [the plaintiff] onto itself based on a 'fear[ ] of hypothetical future harm' not fairly traceable to the [defendant's conduct]").

In any event, Nelson bears the burden of establishing standing, and she chose not to respond to OHSU's motion and has failed to meet her burden. See *Shulman*, 58 F.4th at 408

(noting that "the party 'invoking federal jurisdiction[]' . . . ha[s] the burden of establishing standing pursuant to Article III") (quoting *Lujan*, 504 U.S. at 561); *Mecinas*, 30 F.4th at 896 ("Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion *must* furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.") (emphasis added) (quoting *Savage*, 343 F.3d at 1039 n.2); *see also Burns v. Mammoth Media, Inc.*, No. 20-cv-04855-DDP-SKX, 2021 WL 3500964, at *4 (C.D. Cal. Aug. 6, 2021) (dismissing complaint for lack of standing where "Plaintiff has failed to meet his burden to respond to Defendant's evidence with any competent proof"); *Foster v. Essex Prop., Inc.*, No. 5:14-cv-05531-EJD, 2017 WL 264390, at *4 (N.D. Cal. Jan. 20, 2017) (concluding that "the material facts concerning Article III's causation element are undisputed since Plaintiffs did not produce evidence to support that issue" and dismissing the cause of action).

For all of these reasons, the Court recommends that the district judge dismiss Nelson's claims without prejudice because Nelson has not satisfied her burden of establishing standing.[1] *See Fleck & Assocs., Inc. v. Phx., City of, an Ariz. Mun. Corp.*, 471 F.3d 1100, 1107 (9th Cir. 2006) (explaining that "dismissal for want of standing must be 'without prejudice'") (citation omitted); *see also Burns*, 2021 WL 3500964, at *4 (dismissing claim for lack of standing with leave to amend).

///

///

---

[1] Because the Court concludes that any injury Nelson suffered is not fairly traceable to OHSU's action and recommends dismissal on that basis, the Court does not reach OHSU's argument that Nelson's claims for emotional distress damages are not redressable nor OHSU's motion pursuant to Rule 12(b)(6) arguing that Nelson has failed to state a claim for emotional distress damages under Section 504 of the Rehabilitation Act and Title II of the ADA.

## CONCLUSION

For the reasons stated, the Court recommends that the district judge GRANT OHSU's motion to dismiss (ECF No. 4) and dismiss Nelson's claims without prejudice.

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 4th day of December, 2023.

HON. STACIE F. BECKERMAN
United States Magistrate Judge